CHARLES E. ATWOOD *vs.* CITY OF BIDDEFORD.

York.     Opinion May 24, 1904.

*Drains and Common Sewers.* To be constructed by municipal officers.
*Municipal Corporations*, when not liable for nuisance.
*R. S. 1903, c. 21, § 2.*

A city in its corporate capacity, without special charter privileges, is not invested, either by statutory provisions or by the exercise of the authority necessarily incident to the discharge of its corporate rights and the performance of its duties, with the power to lay out and construct drains and sewers in such a manner as to impose any legal liability upon the city for a nuisance created thereby.

There is no general statute in this State conferring upon a city in a corporate capacity any authority to lay out and construct sewers and drains. There is, on the other hand, an express provision of the statute which lodges this power in the hands of the municipal officers. R. S. 1903, c. 21, § 2.

*Held;* that the act of the city, in its corporate capacity, in laying out and constructing sewers which creates a nuisance upon the plaintiff's land as alleged in his writ, was ultra vires and therefore void. The city cannot be made liable for such an unauthorized act.

Exceptions by plaintiff.    Overruled.

Action on the case, heard on demurrer to declaration, claiming damages for unlawfully constructing and maintaining divers sewers upon the plaintiff's premises in the City of Biddeford by the defendant city.

The presiding justice sustained the demurrer and the plaintiff took exceptions.

The case appears in the opinion.

*Robt. B. Seidel and C. Wallace Harmon,* for plaintiff.

*John F. Burnham,* City Solicitor, for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, SPEAR, JJ.

SPEAR, J.    This case involves an action of tort against the City of Biddeford in its corporate capacity, and comes up on demurrer.

The plaintiff alleges that the "defendant has without lawful authority and against the wishes and contrary to the rights of the plaintiff constructed and now maintains divers sewers and connected the same with said brook and which thereby empty their contents into said brook at divers points above the land of the plaintiff." He also avers that by reason of the wrongful acts of the city the water of the brook became polluted and defiled and thereby created a nuisance upon his land. The demurrer admits the truth of the above allegation, but denies that it sets out any legal cause of action against the city.

The demurrer must be sustained. In coming to this conclusion we may assume, for the purposes of this case, that the action of the city was duly authorized by the city council. This at once raises the question whether a city in its corporate capacity, without special charter privileges, is invested, either by statutory provision or by the exercise of the authority necessarily incident to the discharge of its corporate rights and the performance of its duties, with power to lay out and construct drains and sewers in such a manner as to impose any legal liability upon the city for a nuisance created thereby.

We find no general statute in this State conferring upon a city in its corporate capacity any authority to lay out and construct sewers and drains. There is, on the other hand, an express provision of the statute which lodges this power in the hands of the municipal officers. Revised Statutes 1903, c. 21, § 2, contains this provision as it stood when this action was brought: "The municipal officers of a town, or a committee duly chosen by the town, may, at the expense of the town, construct public drains or sewers along or across any public way therein; and through any lands of persons or corporations, when they deem it necessary for public convenience or health; but neither the municipal officers of the town, nor such committee, shall construct any public sewer therein until the same shall be authorized by vote of said town, and an appropriation made for the purpose; and when constructed such sewers shall be under the control of the municipal officers." It will be observed that this provision of the statute instead of placing this authority in the power of the city council has expressly conferred it upon the municipal

officers, an entirely distinct tribunal, although the municipal officers in a city, composed of the mayor and alderman, may be a constituent part of the city council. But their action, to be of any avail, must be separate.

"It is true, as contended, that the municipal officers are a part of the government, and as such assented to the building of the drain. But to act as a distinct and separate body is one thing; for the same persons to act in connection with and as a part of another body, is another and a very different thing. A drain cannot have the sanction of the statute, unless it is built by the authority and under the sole responsibility of the body therein provided and in pursuance of the provisions therein prescribed." *Darling* v. *Bangor*, 68 Maine, p. 110.

"There is no general statute authorizing towns in their corporate capacity to lay out or construct drains or sewers, as there is respecting ways. It is only when such drains have been constructed and persons have paid for connecting with them, that the town becomes responsible in regard to maintaining and keeping the same in repair, and assume responsibilities in reference thereto." *Bulger* v. *Eden*, 82 Maine, p. 355, 9 L. R. A. 205. And after all this, the authority over sewers and drains still remains in the hands of the municipal officers by the express provision of the statute which provides in the last clause of section 2, supra, "and when constructed such sewers shall be under the control of the municipal officers." That cities and towns have no statutory authority empowering them to lay out and construct sewers and drains is too well established to require further citation.

Our court have also held that the authority of cities and towns incident to the discharge of their municipal duties does not extend to the laying out and construction of sewers and drains. "Provision being made by general statute law for the laying out and construction of public drains and sewers by the municipal officers, no such authority can properly be claimed as necessarily incident to the town in the exercise of its corporate powers, or the performance of its corporate duty. The municipal officers in the performance of these duties and in the exercise of the authority with which they are invested by gen-

eral law, act not as agents of the town but as public officers, deriving their power from the sovereign authority." *Bulger* v. *Eden*, supra, p. 356.

The case at bar in respect to both the facts and the law comes clearly within *Lemon* v. *City of Newton*, 134 Mass. p. 476. In that case the statement of facts shows that "the brook in question was a natural watercourse which ran through the most populous portion of Newton and over the plaintiff's land into the Charles River;" that the town at a legal meeting authorized the conversion of this brook into a sewer and by virtue of the authority so converted it; that "the plaintiff contended and introduced evidence tending to show that, as a consequence of this work, the brook through his land had been rendered filthy; that his premises had been rendered unhealthy by stench coming from the brook," and that "the defendant was liable for such damages as the plaintiff had sustained." Although the meetings of the town authorizing the construction of the sewers were legal, yet the court held, "the town having no authority by statute to lay out and construct drains or sewers, and such authority not being necessarily incident to the exercise of its corporate rights and the performance of its duties, and ample provision having been made for their laying out and construction by the selectmen, we are of opinion that the votes of the town except perhaps that of March 10, 1873, which is unimportant in this case, are illegal and void." The same case holds "that the town cannot be held responsible for damages resulting from work done under the authority of illegal and void votes."

It therefore seems to be well settled that the act of the city, in its corporate capacity, in laying out and constructing sewers which created a nuisance upon the plaintiff's land as alleged in his writ, was ultra vires, and therefore void. The city cannot be made liable for such an unauthorized act.

<em>Exceptions sustained. Demurrer sustained.</em>